SCHAEFER, Respondent, vs. CITY OF ASHLAND, Appellant.

*March 25—April 17, 1903.*

*Municipal corporations: Appeal from disallowance of claim: Bond, joint or several: Injury from defective sidewalk: Place of injury: Evidence: Notice: Instructions.*

1. Where a city charter provides merely that the bond on appeal from the disallowance of a claim by the common council shall be given with two sureties, the bond need not be so framed as to make the obligors severally liable. ·

2. In an action to recover for injuries alleged to have been caused by a defective sidewalk, H., a witness for plaintiff, was asked whether F., another witness, had pointed out to him the place where plaintiff was "supposed to have been injured." The purpose of the question was to show H.'s competency to testify to the condition of the walk at the place of the accident, and he was permitted to answer only on condition that the spot he had in mind was the same as that which plaintiff and his other witnesses had testified was the place of the accident. *Held*, that the error, if any, was not prejudicial to defendant.

3. The evidence that notice of the injury and of the alleged defective condition of the sidewalk, etc., had been seasonably served upon defendant being positive and undisputed, it was not error for the court, in submitting the question of such service to the jury, to instruct that there was no evidence contradicting that of plaintiff and that unless the jury disbelieved his evidence they should find that the notice was so served. The question so submitted did not cover the subject of whether the injury in fact occurred at the point designated in the notice.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Plaintiff in this action sought compensation for a personal injury alleged to have been produced by an insufficient sidewalk in defendant city. The defect charged was a loose plank about six inches wide lying lengthwise of the walk, supported by a stringer at the south end and also at a point about two feet from the north end, but unsupported at the latter end, the stringer originally placed there having rotted away, leaving the plank liable to tip up at the south end when a

person stepped upon the north end. The claim was that as plaintiff and a Mr. Lipske were traveling north on the walk, the latter, being ahead of the former, stepped upon the north end of the loose plank, causing the south end to rise up some eight inches just as plaintiff was about to step upon it, tripping the plaintiff and causing him to fall and fracture one of his collar bones.

The condition of the right to maintain an action for the injury, prescribed by sec. 1339, Stats. 1898, respecting the giving of notice of such injury and of the place where the damage occurred, and describing generally the insufficiency and want of repair which occasioned it, was complied with, if the place of the injury was pointed out in the notice with sufficient definiteness. The common council of the city having neglected to pass upon plaintiff's claim within sixty days after the same was filed with the city clerk, he appealed to the circuit court, giving a bond with two sureties, conditioned as required by the charter of the city in such cases, the bond being so framed as to make the obligors liable jointly, but not severally. The charter provision was silent as to the character of the bond in that respect. It merely required that the bond should be given with two sureties. It satisfied that requirement and contained the charter conditions. There was a motion to dismiss the appeal for insufficiency of the bond, which was denied.

There was no controversy on the evidence but that the notice set forth in the complaint was served upon the city, plaintiff intending thereby to comply with sec. 1339, Stats. 1898. The description in the notice of the place where the accident occurred, and generally, of the insufficiency or want of repair which occasioned it, was as follows:

"On the sidewalk extending along and on the east side of a public highway in the city of *Ashland,* known as Fourteenth Avenue East, . . . at a point between Ninth and Tenth Streets East, . . . about half way between said streets,

or about one hundred and fifty feet (150 ft.) south from where the sidewalk on the east side of said Fourteenth Avenue East intersects with said Ninth Street East."

The defect consisted of "a certain piece of plank two inches in thickness and about eight inches wide and six feet long (a portion of said walk) being loose, lying across two stringers, one about two feet from the north end of said plank, the other at the south end of said plank, the said plank resting upon the same, but loose, whereas the north end of said plank, which had formerly rested upon a stringer, was unsupported, the said stringer having rotted away; the stringer which was about two feet from the north end of said plank was sound and apparently firm but said plank was lying over said stringer loose and unfastened; the plank and stringers being in such condition, caused the plank to tip up at the south end when a person would step on the north end of the plank across the stringer, and when said plank would tip up at the south end, when stepped on at the north end, the south end would be up about eight inches."

There were no streets in fact numbered Nine and Ten, opened up and actually crossing or intersecting Fourteenth Avenue East, but there were streets so named terminating not far distant from said Fourteenth avenue, which, if extended, would so cross and intersect Fourteenth Avenue East, so that the point where the accident was claimed to have occurred was commonly referred to by witnesses on both sides as between Ninth and Tenth streets. There was evidence that there was no such defect as the one mentioned in the notice at a point precisely midway between Ninth and Tenth streets, so called, but the evidence was undisputed that there was a defect answering to the one mentioned in the notice not far therefrom. Plaintiff, upon one occasion, pointed out the place where he was injured to Edgar Foster. The point so designated was established by undisputed evidence. Against objection G. W. Haines was permitted to answer this question: "Did Foster point out to you the place where plaintiff is supposed to have been injured?"

At the close of the evidence upon both sides there was a

motion on behalf of the defendant for the direction of a verdict in its favor, which was denied and the ruling was excepted to. There was a special verdict in which all the controverted issues were found in favor of the plaintiff and his damage assessed at $400. One of the questions submitted was this:

"Q. Did plaintiff at the time alleged in his complaint and within fifteen days from the date of said accident resulting in his said injury, cause written notice to be made and served upon the defendant, in due form, giving notice of said injury and of the alleged defective condition of said sidewalk, and that he claimed damages against said city?"

In respect thereto, the jury were instructed by the court that:

"The evidence of the plaintiff tends to show that he did give such written notice, and there has been no evidence introduced contradicting this. The written notice has been introduced by plaintiff. The burden of proof on this question rests upon the plaintiff, and if you are satisfied of the facts, bearing in mind that they have not been contradicted, you will of course answer the question by 'Yes.'"

That instruction was excepted to, particularly the words: "There has been no evidence contradicting this. If you are satisfied of the facts, bearing in mind that they have not been contradicted, you will of course answer the question by 'Yes.'"

There was a motion to set the verdict aside and for a new trial, which was denied. Judgment was perfected in favor of the plaintiff.

For the appellant there was a brief by *F. J. Colignon,* city attorney, and *Dillon & Colignon,* of counsel, and oral argument by *F. J. Colignon.*

For the respondent there was a brief by *Geo. P. Rossman,* attorney, and *Victor T. Pierrelee,* of counsel, and oral argument by *J. F. Dufur.*

MARSHALL, J. Error is assigned on the refusal of the court to dismiss the complaint for insufficiency of the bond in that it was a joint instead of a several obligation. All the law required on that point, as indicated in the statement of facts, was that there should be two sureties bound for the performance of the conditions named therein. As the bond satisfied that requirement, it cannot properly be held insufficient for want of some feature not found in the law in regard thereto.

Complaint is made because the court permitted Haines to testify that Foster pointed out to him the place where plaintiff "is supposed to have been injured." We take it that the witness and the jury understood the question to refer to whether the spot, which the testimony on the part of plaintiff indicated was the location where the accident occurred, was pointed out to the witness by Foster. The purpose of the question was to show competency of the witness to testify as to the condition of the walk at the place of the accident. The witness was permitted to answer only on condition that the spot the witness had in mind was the same as that which plaintiff and his witnesses had testified was the place of the accident. It appears that the witness was familiar with the locality, generally, and that the question meant no more to him or the jury than whether the place which Foster pointed out was the same as was supposed, from the standpoint of plaintiff's case as then made by the evidence, there being no material conflict in such evidence, to be that of the injury. So understood, the question, if not strictly proper, was not prejudicial to defendant.

The only other complaint made is of the instruction given by the court respecting question No. 10 of the special verdict. That merely covered the subject of whether the notice alleged in the complaint to have been served upon the defendant was in fact served as testified to by him. The evidence in respect thereto was positive and not disputed. Therefore

it was perfectly proper for the court to say, as was said, that there was no evidence contradicting that of the plaintiff as to serving notice, and that it was the duty of the jury to give an affirmative answer to the question unless they disbelieved his evidence. The court might well have directed the jury to give an affirmative answer to the question, or not have submitted the question at all, treating the matter as not in controversy on the evidence. Counsel for appellant take a wrong view of the question in arguing that it covered the subject of whether the injury in fact occurred at the point designated in the notice. The sufficiency of the notice, as to form, was for the court to determine. No complaint seems to have been made in regard to the decision in respect thereto. The question of whether the notice was served was one of fact, and although not in dispute on the evidence, was covered by the interrogatory under consideration. The question of whether respondent was injured at the place designated in the notice was covered by three other questions, and no complaint seems to be made that the answers thereto were not warranted by the evidence.

*By the Court.*—The judgment is affirmed.